IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BIVENS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-2068-B-BK |
| | § | |
| THE UNITED STATES, EMMA | § | |
| MCDONNELL, SALAMA ASHIA | § | |
| RAHMAN, STEPHEN HOLT, | § | |
| KENDRICK BROWN, AND ERIC | § | |
| JACOBSEN, | § | |
| | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the district judge's *Standing Order of Reference*, Doc. 16, this civil action was referred to the undersigned magistrate judge for pretrial management. For the reasons that follow, this case should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On August 9, 2018, Plaintiff, proceeding without the assistance of counsel, filed a complaint alleging that he received negligent medical treatment by staff at the Department of Veterans Affairs, in violation of the Federal Tort Claims Act ("FTCA"). Doc. 3 at 1. In this fee-paid case, Plaintiff's further alleges that he suffered permanent, partial blindness in his left eye due to Defendants' negligence. Doc. 3 at 1.

## II. FAILURE TO EFFECT SERVICE

Plaintiff's original deadline to serve Defendants was November 9, 2018 (90 days from the filing of the complaint). FED. R. CIV. P. 4(m). However, on Plaintiff's motion, the deadline for effectuating service was extended to November 26, 2018. Doc. 8. The Court also warned Plaintiff that "claims against Defendants not served [would] be subject to dismissal without prejudice and without further notice, absent good cause shown." Doc. 8. Subsequently, the deadline for effectuating proper service was extended for a second time to December 26, 2018. Doc. 10. Still, more than ten months later, Plaintiff has filed no proof of service as to the United States. And contrary to Plaintiff's representation that Defendants Kendrick Brown, Stephen Holt, Eric Jacobsen, Emma McDonnel, and Salama Ashia Rahman have been served, Doc. 14, none were *properly* served.

Federal Rule of Civil Procedure 4(e) provides that, "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Rule 106 of the Texas Rules of Civil Procedure allows for service of process on a defendant to be achieved by, *inter alia*, "delivering to the defendant, in person," a copy of the citation with the petition attached or mailing the defendant copies of the citation and petition via certified mail, return receipt requested. TEX. R. CIV. P. 106.

Inspections of the returns of service filed by Bivens as to Defendants Kendrick Brown, Stephen Holt, Eric Jacobsen, Emma McDonnel, and Salama Ashia Rahman, Doc. 14, reveal that no Defendant was served in accordance with the applicable law. Moreover, Plaintiff has failed

2

to establish good cause for the lack of proper service. Ignorance of the rules, even when proceeding *pro se*, does not constitute good cause for failure to effect service under Rule 4(m). *Lucky v. Haynes*, 3:12-CV-2609-B, 2013 WL 3054042, at *1 (N.D. Tex. June 18, 2013) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Consequently, dismissal for want of prosecution is warranted.

### III. DISMISSAL IS APPROPRIATE EVEN IF CLAIMS ARE BARRED

Generally, a dismissal for failure to prosecute or failure to comply with a court order is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, such dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review.[1] *Cf. Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In that instance, a court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

Those requisites are met here. This case has been pending for more than a year, and despite two extensions by the Court, Bivens has failed to properly serve any Defendant.

---

[1] Liberally construed, Plaintiff appears to assert a cause of action under the Federal Tort Claims Act stemming from a mercury spill at a U.S. Postal Service distribution center. *See* Doc. 3 at 91 (Right to Sue letter advising Plaintiff of the right to bring a civil action within six months).

Moreover, because Bivens is representing himself, the repeated failure to effect service is attributable only to him. Thus, dismissal is appropriate in this case, even if Plaintiff will be precluded by limitations from pursuing his claims going forward. *See Dunn v. Hernandez,* No. 3:18-CV-2300-B-BK, 2019 WL 885098, at *1-2 (N.D. Tex. Jan. 29, 2019), *report and recommendation adopted*, No. 3:18-CV-2300-B-BK, 2019 WL 859426 (N.D. Tex. Feb. 21, 2019) (Boyle, J.) (dismissing with prejudice when pro se plaintiff failed to comply with court order and case had been pending for more than four months, despite two extensions).

## IV. CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SO RECOMMENDED** on October 28, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).