IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BIVENS,** | § | |
|     **PLAINTIFF,** | § | |
| | § | |
| v. | § | CASE NO. 3:18-CV-2068-B-BK |
| | § | |
| **THE UNITED STATES, EMMA** | § | |
| **MCDONNELL, SALAMA ASHIA** | § | |
| **RAHMAN, STEPHEN HOLT,** | § | |
| **KENDRICK BROWN, AND ERIC** | § | |
| **JACOBSEN,** | § | |
|     **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order*, Doc. 24, before the Court is Plaintiff's *Motion for Reconsideration*, Doc. 23. For the reasons that follow, the motion should be **DENIED**.

On August 9, 2018, Plaintiff filed a *pro se* complaint under the Federal Tort Claims Act alleging that he received negligent medical treatment by staff at the Department of Veterans Affairs and suffered permanent, partial blindness in his left eye as a result. Doc. 3 at 1. The Complaint was subsequently dismissed without prejudice for want of prosecution because this "case [had] been pending for more than a year, and despite two extensions by the Court, [Plaintiff had] failed to properly serve any Defendant." Doc. 17 at 3; Doc. 22 at 1.

In the instant motion, Plaintiff argues the Court did not review his *Motion for Summary Judgement*, Doc. 15, "which includes copies of Defendants being properly served with summons to their attorney Joanne Hurtkant VA staff attorney on December 19, 2018 . . . ." Doc. 23 at 1.

Plaintiff generally cites the Federal Rules of Civil Procedure throughout his motion, which the Court liberally construes as seeking relief under Rule 59(e).

A Rule 59(e) motion for new trial or to alter or amend a final judgment "calls into question the correctness of a judgment."  See *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted).  However, it is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier.  *Id.*  A Rule 59(e) motion to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.  *Id.* at 479.  Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.  *Id.*  The Rule 59(e) standard favors the denial of motions to alter or amend a judgment.  *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Contrary to Plaintiff's argument, the Court previously considered the attempts at service of process reflected in the documents he references and rejected them as insufficient.  In the *Findings, Conclusions and Recommendation of the United States Magistrate Judge* accepted by the Court, it states that "[i]nspections of the returns of service filed by [Plaintiff] as to Defendants Kendrick Brown, Stephen Holt, Eric Jacobsen, Emma McDonnel, and Salama Ashia Rahman, Doc. 14, reveal that no Defendant was served in accordance with the applicable law." Doc. 17 at 2.  The returns of service filed by Plaintiff and addressed in the Recommendation, Doc. 14 at 1-10, are copies of the very same documents included with Plaintiff's *Motion for Summary Judgment*, Doc. 15 at 2-11, and referenced by him in support of the instant motion.

Because a Rule 59(e) motion is not a vehicle for rehashing arguments, Plaintiff's *Motion for Reconsideration*, Doc. 23, should be **DENIED**.

**SO RECOMMENDED** on March 24, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF
RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).